**IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE**

| | | |
|---|---|---|
| THOMAS LEE GARMER and wife, AMBER GARMER, | * | |
| Plaintiffs, | * | Case No. ______________ |
| VS. | * | |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

COMPLAINT

Come the Plaintiffs, Thomas Lee Garmer and wife, Amber Garmer, and for their complaint against the Defendant, United States of America, allege as follows:

1. The Plaintiffs are citizens and residents of the United States of America, residing in Unicoi County, Tennessee, at 234 Fourth Street, Erwin, Tennessee 37650.

2. This action arises out of medical negligence occurring at the Mountain Home/James H. Quillen VA Medical Center (herein sometimes referred to as "VA"), located at the Corner of Lamont and Veterans Way, Mountain Home, Tennessee 37684.

3. This action is brought pursuant to Title 28, USC § 2671, the Federal Tort Claims Act. The jurisdiction and venue are proper with this Court as this cause of action arises out of medical negligence and injuries occurring at the Mountain Home/James H. Quillen VA Medical Center, Mountain Home, Tennessee 37684.

4. The Plaintiffs have exhausted their administrative remedies by having properly initiated an action on the Department of Justice's Standard Form 95 on or about the 13th day of June, 2019, for a claim of injury arising out of medical negligence which is

within two (2) years of Plaintiffs having been notified of the existence and/or cause of the Plaintiff, Thomas Lee Garmer's injuries. The Department of Veterans Affairs has not responded to Plaintiffs notice of claim; however, the six (6) month investigatory period has now expired. As such, Plaintiffs deem the agency's inaction a "final denial" and, pursuant to 28 USC § 2675, the Plaintiffs are free to file this formal Complaint.

5. The Plaintiff, Thomas Lee Garmer, received negligent medical care that was provided to him as a patient at Mountain Home/James H. Quillen VA Medical Center beginning on December 7, 2017, and thereafter, while under the care of Dr. Catherine C. Tanner and Dr. William McKinley Bell. The Plaintiff presented with a diagnosis of arthritis that required a total body bone scan which was ordered by Dr. Bell and was performed on August 23, 2017. The whole body scan provided, "incidentally noted increased pattern of blood pool and delayed images in soft tissue lesion in distal aspect of left thigh, anteriorly which could imply partial calcification, etiology is uncertain, clinical correlation would be helpful for further evaluation." The Plaintiff, Thomas Lee Garmer, was seen in follow-up by Dr. Bell and Dr. Tanner, neither of which followed up with the incidental finding of the bone scan until January 2019, at which time Dr. Tanner noted the incidental finding and immediately ordered testing. Thereafter, Dr. Tanner referred the Plaintiff, Thomas Lee Garmer, to Vanderbilt University Medical Center in Nashville, Tennessee, where a biopsy revealed a myxoid sarcoma that had grown extensively in size since the bone scan.

6. On July 24, 2019, the Plaintiff, Thomas Lee Garmer, had extensive resection of the tumor from his left thigh. Failure to note the incidental findings of the August 23, 2017, bone scan resulted in a significant delay in discovering, diagnosing and

treating the left thigh myxoid sarcoma. The extensive delay in treatment led to a resection of a much larger tumor and loss of tissue mass and disability that he would not otherwise have had.

7. Plaintiffs would show that, as a proximate result of the actions of the Defendant, United States of America, the Plaintiff, Thomas Lee Garmer, has suffered permanent injuries, pain and discomfort, both physical and mental, and the loss of enjoyment of life.

8. Plaintiffs would show that the Defendant, United States of America, through the Mountain Home/James H. Quillen VA Medical Center, and through its agents and employees, departed from the acceptable standard of care for healthcare providers in Johnson City, Tennessee, as follows:

A. Failure to note the incidental finding of the August 23, 2017, bone scan; and

B. Failure to follow-up with appropriate medical testing based upon the incidental finding of the August 23, 2017, bone scan.

9. Plaintiff, Amber Garmer, as wife of Plaintiff, Thomas Lee Garmer, has suffered loss of consortium.

10. The Plaintiffs have provided notice of the claim to the Government by having mailed Standard Form 95, via certified mail, return receipt requested, on June 13, 2019. The mailings are evidenced by the Affidavit of Dina Y. Shirley attached hereto as Exhibit A.

11. The Plaintiffs have also complied with the provisions of *T.C.A.* § 29-26-121(a) by having mailed, via certified mail, notice of the claim to the Defendant, United States of America, as follows:

A. Veteran's Administration, Office of Regional Counsel, 3322 West End Avenue, Suite 509, Nashville, Tennessee 37203;

B. U.S. Attorney for Eastern District of Tennessee, 800 Market Street, Suite 211, Knoxville, Tennessee 37902;

C. Mountain Home Veterans Affairs Medical Center/James H. Quillen VA Medical Center, Corner of Lamont and Veterans Way, Mountain Home, Tennessee 37684;

D. U.S.A., Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; and

E. Administrative Benefit Office, Regional Veterans Administration, 110 Ninth Avenue, South, Nashville, Tennessee 37203.

These mailings are evidenced by the Affidavit of Dina Y. Shirley attached hereto as Collective Exhibit B, which states that such actions occurred, showing that notices were sent by certified mail to the above recipients on the 28th day of August, 2019. Copies of the notices mailed are attached to the Affidavit of Dina Y. Shirley. The certificates of mailing from the U.S. Postal Service, stamped with the date of mailing, are also attached to the Affidavit of Dina Y. Shirley. The requirements of *T.C.A.* § 29-26-121 have been satisfied.

12. The Plaintiffs have timely complied with the notice requirements of *T.C.A.* § 29-26-121(a) by giving notice and the documents required by said statute to the Defendant more than sixty (60) days prior to the filing of this Complaint.

13. The Plaintiffs have complied with *T.C.A.* § 29-26-122 by attaching hereto as Exhibit C a Certificate of Good Faith in compliance with said statute.

WHEREFORE, Plaintiff, Thomas Lee Garmer, respectfully demands judgment against the Defendant, United States of America, in the amount of $2,500,000.00.

WHEREFORE, Plaintiff, Amber Garmer, respectfully demands judgment against the Defendant, United States of America, in the amount of $1,000,000.00.

THOMAS LEE GARMER and wife,
AMBER GARMER

BY: *s/Olen G. Haynes, Sr.*
Olen G. Haynes, Sr., BPR #587
Olen G. Haynes, Jr., BPR #19420
Attorneys for Plaintiffs
The Haynes Firm
P.O. Box 1879
Johnson City, TN 37605
423-928-0165
ogh@hayneslawyers.com
oghjr@hayneslawyers.com